Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Natalie Nardecchia
Trial Attorney (CSBN #246486)
M. Cristopher Santos
Trial Attorney (CSBN #306346)
Office of the Solicitor
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202

Telephone: (213) 894-3284
Facsimile: (213) 894-2064
Nardecchia.Natalie@dol.gov
Santos.Martin.C@dol.gov

Attorneys for the Plaintiff
Acting Secretary of Labor

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

EDWARD HUGLER,[1] Acting Secretary of Labor, United States Department of Labor,

        Plaintiff,

  v.

SJCMG INC., dba MISSION GRILL, a California corporation; JOHN GILLOTTI, an individual, and as managing agent of the Corporate Defendant; and JUAN FARIAS, an individual, and as managing agent of the Corporate Defendant,

        Defendants.

Case No: 8:16-cv-1353 AG-DFM

**CONSENT JUDGMENT AND ORDER**

Complaint Filed: July 20, 2016
Trial Date: September 12, 2017

---

[1] Edward Hugler became the acting Secretary of Labor effective January 20, 2017. Pursuant to F.R.C.P. 25(d), the caption has been changed to reflect his appointment.

Plaintiff Acting Secretary of Labor Edward Hugler and Defendants SJCMG, INC., dba MISSION GRILL ("Mission Grill"), JOHN GILLOTTI ("Gillotti"), and JUAN FARIAS ("Farias") (collectively "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act ("FLSA").

## I. LIABILITY

1. The Secretary filed a Complaint alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5).

2. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action. Defendants further admit that venue lies in the central district court for the District of California.

3. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

4. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

5. Defendants admit that at all relevant times SJCMG, Inc, dba Mission Grill was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

6. Defendants admit that at all relevant times Mission Grill, Gillotti, and Farias were employers of Mission Grill employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. Defendants admit that, in violation of Sections 7 and 15(a)(2) of the FLSA, during the period from July 20, 2013 to September 23, 2015, Defendants failed to pay employees time and a half their regular rate for hours that employees worked over 40 in a workweek. These violations occurred as a result of Defendants' practice of paying employees their straight time rate, instead of time and a half, for hours worked over 40 in a workweek, as well as due to Defendants' practice of making unlawful deductions for the cost of uniforms, cash register shortages, and other business expenses.

8. Defendants admit that, in violation of Section 11(c) of the FLSA, during the period from July 20, 2013 to September 23, 2015, Defendants failed to make, keep, and preserve accurate records of the wages, hours, and other conditions and practices of employment.

9. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due under this Order to any current or former employees under this Consent Judgment and Order, threatening any employee for accepting monies due under this Consent Judgment and Order, or threatening any employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited and may subject

Defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Defendants agree to take all steps necessary, as set forth herein, to secure and make payment of the funds due under this judgment.

## II.   INJUNCTION

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, **HEREBY ORDERED, ADJUDGED, AND DECREED** that under Section 17 of the FLSA, 29 U.S.C. § 217, Defendants and their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors-in-interest, officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

11. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40 hours in a workweek. Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek — this includes but is not limited to coercing employees into signing waivers

of their FLSA rights, which would be unenforceable in any event. Defendants shall not deduct from employees' wages the cost of uniforms, cash register shortages, or other expenses.

12. Defendants shall pay all non-exempt employees for all hours worked, including time and one half for hours worked over 40 in a workweek, regardless of whether such employees are paid on a "salary."

13. Defendants shall not alter or manipulate any time or pay records to reduce the number of hours actually worked by an employee in a given workweek.

14. Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, fail to make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every employee who performs any work for Defendants. To this end, Defendants shall procure, if necessary, and install a time clock at each work location and ensure that each employee does the following: (i) begins work each day by clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking/punching out; (iii) ends any uninterrupted work-free meal period of 30 minutes or more by clocking/punching back in; (iv) ends work each day by clocking/punching out just before the employee leaves the worksite and/or employer's premises.

15. Defendants shall also post the contact information for Wage Hour (Assistant District Director Tony Pham, 770 City Drive South, Ste. 5710, Orange, CA 92868 — (714) 621-1650) prominently next to the time keeping system so that employees, if they dispute the hours shown on their time cards, can immediately contact Wage Hour to report any discrepancies or ask any questions. The information must include a statement that employee complaints to WHD will be confidential. Defendants shall take no actions to in any way deter employees from contacting Wage Hour.

16. Defendants shall, at the time of each payment of wages, furnish each employee a wage statement including the following information: (i) gross wages earned for the pay period; (ii) total hours worked by the employee for the pay period, unless that employee is exempt from the payment of overtime; (iii) net wages earned for the time pay period; (iv) dates of the pay period for which the employee is being paid; (v) the name of the employee and last four digits of social security number; (vi) name and address of the employer; (vii) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Defendants shall comply with all federal and state recordkeeping requirements to the extent that those requirements impose greater duties than those outlined in this subsection. Defendants shall have each employee review his or her wage statement and write in corrections if necessary. Defendants shall maintain copies of all wage statements for

inspection by the Department of Labor at any time and by any worker at any time without prior request.

17. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any Department of Labor investigation of wage or other violations. This means that Defendants shall not coerce, intimidate, threaten, discipline, or terminate any employees whom they believe have reported complaints or provided information to the Department of Labor, or attempt to deter complaints made, or communications to, the Department of Labor. Defendants also shall not instruct or ask their employees to provide false information to the Department of Labor concerning the terms and conditions of their employment, including but not limited to hours or days worked.

18. Defendants shall, on a monthly basis for three (3) years after the date of entry of this Consent Judgment and Order, file a signed statement affirming that, in the prior month, Defendants reviewed their employees' time and pay records, and complied with the minimum wage, overtime, recordkeeping, and anti-retaliation provisions of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(3). Defendants shall file the signed statement within 30 (thirty) calendar days of the date of entry of the Consent Judgment and Order, and every 30 days thereafter for three years. The signed statement shall include the contact information for all current employees, including home address and telephone number. The signed statement must be filed via mail to: Wage and Hour

Division, United States Department of Labor, Attn: Assistant District Director Tony Pham, 770 City Drive South, Ste. 5710, Orange, CA 92868; and/or email to pham.tony@dol.gov.

19. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall provide each of their current employees with a copy of the Notice of Rights, as set forth in the attached Exhibit A, which summarizes in English and Spanish the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA.

20. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

    a. Defendants shall post Exhibit A, in prominent locations at Defendants' current facilities (for example, near the facility's front door or near the time clock);

    b. Defendants shall provide a copy of Exhibit A with the first paycheck for the first pay period following entry of this Consent Judgment and Order to all current employees; and

c. Defendants shall provide a copy of Exhibit A to all newly hired employees on or before the date when the employee begins performing work for Defendants.

21. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall display up-to-date U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at Defendants' work site (for example, near the facility's front door or time clock). Copies of these posters are available for download and printing at:

http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

22. Defendants shall, within ten (10) days of the date that Defendants sign this Consent Judgment and Order, hold a meeting with all employees of Mission Grill, at a date and time agreeable to the Wage Hour, and when Wage Hour will be present. At the all-employee meeting, Defendants Gillotti and Farias (with the assistance of Wage Hour) will tell all employees regarding their rights to be paid overtime wages as required by the FLSA for hours worked over forty in a workweek and that all employees will receive time and a half for all hours worked over forty in a workweek. They will also tell all employees that they have the right to talk to Wage Hour, including if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so. They will also tell all employees that they will keep proper time

records of hours worked, and explain any new policies, consistent with this Consent Judgment, to employees.

### III. MONIES DUE

23. **IT IS FURTHER ORDERED** that Defendants shall not withhold payment of $22,700.00, which represents the total amount due in unpaid overtime to Defendants' employees in Exhibit B, for Defendants' FLSA violations from July 20, 2013 to September 23, 2015.

24. Defendants and their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors-in-interest, officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, shall not:

a. Request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to employees under the provisions of this Consent Judgment and Oder or the FLSA;

b. Accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages paid to employees under the provisions of this Consent Judgment and Order or the FLSA; or

c. Discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any employee because he or she has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment and Order or the FLSA.

25. **FURTHER, JUDGMENT IS HEREBY ENTERED,** under Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $45,400.00, which includes the $22,700.00 in unpaid overtime compensation referenced above to the present and former Mission Grill employees who are identified in Exhibit B, plus an additional equal amount of $22,700.00 as statutorily authorized liquidated damages ("Liquidated Damages").

## IV. PAYMENT

26. Defendants shall accomplish the monetary payments due under this Consent Judgment and Order, at paragraphs 23-25, as follows:

a. Within ten (10) days of the Court's approval of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Tony Pham, 770 City Drive South, Ste. 5710, Orange, CA 92868, or pham.tony@dol.gov, a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) for each employee listed in the attached Exhibit B, if known, the

employee's last known home address, email address, Social Security number, home telephone number, and mobile telephone number.

b. Within ten (10) days of the Court's approval of this Consent Judgment, Defendants shall deliver to the Secretary two checks, both payable to the order of the "Wage & Hour Div., Labor." The first check is for full payment of the liquidated damages, shall be for $22,700.00, and shall have the words "MG-LDs" written thereon. The second check shall be for $2,300 and shall have the words "MG-BWs" written thereon, representing the first payment toward back wages. All checks must be sent by U.S. Mail or hand delivered to:

Attn: ADD Tony Pham
U.S. Department of Labor
Wage Hour Division,
770 The City Drive South, Ste. 5710
Orange, CA 92868

c. Beginning on June 1, 2017 and continuing thereafter each month (on the first of the month) for 24 consecutive months, Defendants shall make the remaining payments toward back wages owed under this Order, by delivering a monthly check in the amount of $850.00 plus applicable interest as set forth in the attached Exhibit "C" and made payable to the order of the "Wage & Hour Div., Labor" with the words "MG-BWs" written thereon and delivering it to the address above. These payments are subject to an interest rate of 1.36 compounded annually pursuant to 28 U.S.C. §

1961. Defendants shall refer to the attached Exhibit C for the amounts and due dates of each of the 24 monthly payments.

d. Defendants shall make the monthly payments described above until the balance owed under this Order is paid in full. The payment is deemed to be made on (i) the date the payment is post-marked, if mailed; or (ii) the date of receipt, if the payment is made by personal delivery or private carrier.

27. The Secretary shall distribute the payments described above at his own discretion to the employees identified in the attached Exhibit B, or if necessary to the employees' estates. The Secretary shall make the required legal deductions for the employee's portion of Social Security and federal income tax withholding, and remit these amounts to the appropriate government agencies. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of a payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

28. Defendants shall not attempt to transfer, sale, give, or otherwise liquidate any personal or business assets or businesses without first providing ten (10) days written notice to the Secretary, by sending an email addressed to Chasek.Daniel@dol.gov. Further, the Secretary agrees that in the event that Mission Grill is required to temporarily close its business operations as a result of any building renovations that may

be done to the building in which Mission Grill's business resides, that so long as building renovations were neither requested nor required by Mission Grill nor the other Defendants; but, were instead the result of decisions made outside and beyond the control of the Defendants and each of them, that during the period of such temporary closure, the Defendants and each of them shall be entitled to refrain from making the monthly payments required under Paragraph 26 of this Consent Judgment until such time as such renovations are completed and Mission Grill is permitted to reopen its business to the public (hereafter the "Payment Suspension Period"). In the event of such a Payment Suspension Period, the 24 month term of repayment referenced in Paragraph 26 (a) of this Consent Judgment shall be automatically extended for the amount of time equal to the Payment Suspension Period. At the end of such Payment Suspension Period, Defendants shall be obligated to resume the monthly payments required under Paragraph 26 (a) within twenty-one days of the completion of the Payment Suspension Period and shall make such monthly payments until all amounts required to be paid by Defendants under Paragraph 26 (a) of the Consent Judgment are paid in full. Defendants shall be obligated to inform the Secretary in writing of the commencement of a Payment Suspension Period within 10 days of the commencement of a Payment Suspension Period and shall notify the Secretary in writing within 10 days of the completion of any such Payment Suspension Period.

29. **IT IS FURTHER ORDERED** that each party shall bear its own fees and expenses (including court costs) incurred by the party in connection with any stage of this proceeding to date, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

30. **IT IS FURTHER ORDERED** that the parties to the Complaint and all those receiving notice thereof, including but not limited to managers, co-employers, employees, successors-in-interest, officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, shall comply with the terms of this Consent Judgment and Order.

31. **IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA§ 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit B nor as to any employee named on the attached Exhibit B for any period not specified therein.

32. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

**APPROVED AND SO ORDERED:**

April 10, 2017

_____

US DISTRICT JUDGE ANDREW J. GUILFORD

**LEGAL NOTICE TO ALL EMPLOYEES**

The U.S. Department of Labor conducted an investigation of SJCMG, Inc., dba Mission Grill ("Mission Grill") and has determined that Mission Grill, Mr. John Gillotti, and Mr. Juan Farias failed to pay you properly under the Fair Labor Standards Act ("FLSA"), made unlawful deductions from your paycheck, and failed to keep proper records of your employment. Mission Grill, Mr. Gillotti and Mr. Farias have voluntarily agreed to pay back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the FLSA.

The FLSA requires that all employees must be paid minimum wage for all hours worked, including workers who were or may be currently paid on a piece rate basis, as well as overtime wages of time and a half for hours worked over 40 in a workweek. The FLSA also provides that all employees are protected from retaliation or discrimination. This means that no one from Mission Grill, including Mr. Gillotti and Mr. Farias, can terminate you, threaten to terminate you, reduce your work or your pay, tell you to provide false information to the Department of Labor, or in any way retaliate or discriminate against you because you have spoken to anyone at the Department of Labor, testified in this case, or in any way asserted your rights under the FLSA.

**The Department of Labor reminds you that you may contact us if you have questions about your employment situation or rights to lawful wages and to be free from retaliation. If you think you are not being paid in accordance with the law or you are being retaliated against, you can call the U.S. Department of Labor, Wage and Hour Division, at 1-866-4-USWAGE (1-866-487-9243), and we will keep your name confidential. The Department also reminds you that you have rights under California state law. You may contact the CA Division of Labor Standards Enforcement at (714) 558-4910 with questions about those rights.**

## DOCUMENTO A
## AVISO LEGAL A TODOS LOS EMPLEADOS

El Departamento de Trabajo de Estados Unidos llevó a cabo una investigación de SJCMG, Inc., ("Mission Grill") y ha determinado que Mission Grill, el Sr. John Gillotti, y el Sr. Juan Farias no pagaron correctamente bajo la Ley de Normas Razonables de Trabajo ("FLSA"), hicieron deducciones ilegales de su sueldo, y no mantuvieron registros adecuados de su empleo. Mission Grill, Sr. Gillotti, y Sr. Farias han voluntariamente accedido a pagar los salarios y daños de liquidación debidos y a tomar otras medidas para asegurar que todos los empleados son pagados de acuerdo a la FLSA.

La FLSA requiere que todos los empleados deben ser pagados salario mínimo por todas las horas trabajadas, incluidos los trabajadores que fueron o pueden ser pagados en base de tarifa por pieza. También requiere que horas extras (más de 40 en una semana) sean pagadas a 1.5 veces más del pago regular por hora. La FLSA también proporciona que todos los empleados están protegidos contra represalias. Esto significa que nadie de Mission Grill, incluyendo el Sr. Gillotti y el Sr. Farias, pueden despedirlos, amenazar con el despido, reducir sus horas de trabajo o su salario, decirle que proporcione información falsa al Departamento de Trabajo, o de cualquier manera tomar represalias contra usted porque usted hablo con el Departamento de Trabajo o de cualquier manera afirmo sus derechos bajo la FLSA.

**El Departamento de Trabajo le recuerda que puede comunicarse con nosotros si tiene preguntas acerca de su situación laboral o sus derechos a un salario legal y a estar libres de represalias. Si cree que no le están pagando en conformidad con la ley o que están tomando represalias en contra suya, puede llamar al Departamento de Trabajo de Estados Unidos, División de Horas y Salarios, al 1-866-4-USWAGE (1-866-487-9243) y su nombre se mantendrá confidencial. El Departamento también le recuerda que tiene derechos laborales bajo la ley estatal de California y que puede llamar a la División de Estándares Laborales de California, al (714) 558-4910 con preguntas acerca de esos derechos.**

**EXHIBIT B**

| Employee Name | Start Date | End Date | Total Back Wages | Total Liquidated Damages | Total Interest Due[2] | Total Due |
|---|---|---|---|---|---|---|
| Amador, Chelsey | 3/11/15 | 6/3/15 | $502.47 | $502.47 | $9.23 | $1,014.17 |
| Berrun, Isaac | 3/11/15 | 5/20/15 | $439.88 | $439.88 | $8.08 | $887.84 |
| Brunette, Michael | 8/14/13 | 9/24/14 | $ 1,232.33 | $1,232.33 | $22.63 | $2,487.29 |
| Cardenas, Sergio | 7/2/14 | 9/23/15 | $949.87 | $949.87 | $17.44 | $1,917.18 |
| Colon, Celeste | 8/14/13 | 8/28/13 | $139.65 | $139.65 | $2.56 | $281.86 |
| Dos-Santos, Jorge | 3/11/15 | 3/25/15 | $124.88 | $124.88 | $2.29 | $252.05 |
| Espinoza, Joseph | 7/30/14 | 9/24/14 | $312.22 | $312.22 | $5.73 | $630.17 |
| Gonzalez, Johnathan | 8/14/13 | 3/26/14 | $416.30 | $416.30 | $7.65 | $840.25 |
| Guiterrez, Rigoberto | 8/14/13 | 9/23/15 | $2,123.11 | $2,123.11 | $38.99 | $4,285.21 |
| Gula, Molly | 8/14/13 | 9/23/15 | $2,032.91 | $2,032.91 | $37.33 | $4,103.15 |

---

[2] This is to account for the twenty-four month installment agreement.

| | | | | | |
|---|---|---|---|---|---|
| Huertas, Cynthia | 8/26/15 | 9/23/15 | $187.33 | $187.33 | $3.44 | $378.10 |
| Hughes, Amanda | 8/12/15 | 9/23/15 | $249.78 | $249.78 | $4.59 | $504.15 |
| Landes, Claudia | 8/14/13 | 9/25/13 | $222.02 | $222.02 | $4.08 | $448.12 |
| Luna, Yesenya | 8/14/13 | 9/23/15 | $2,182.76 | $2,182.76 | $40.10 | $4,405.62 |
| Martinez, Felipe | 8/14/13 | 5/6/15 | $1,665.19 | $1,665.19 | $30.58 | $3,360.96 |
| Mosqueda, Ali | 8/14/13 | 7/29/15 | $1,997.91 | $1,997.91 | $36.69 | $4,032.51 |
| Murphy, Alexander | 8/14/13 | 6/18/14 | $679.95 | $679.95 | $12.49 | $1,372.39 |
| Ojendez, Arturo | 5/20/15 | 9/23/15 | $721.58 | $721.58 | $13.25 | $1,456.41 |
| Olivares-Hernandez, Jose | 3/25/15 | 5/6/15 | $319.61 | $319.61 | $5.87 | $645.09 |
| Ortega, Jorge | 8/14/13 | 9/25/13 | $277.53 | $277.53 | $5.10 | $560.16 |
| Palafox, Beatriz | 8/14/13 | 9/24/14 | $1,141.35 | $1,141.35 | $20.96 | $2,303.66 |
| Ramirez, Anthony | 3/12/14 | 9/23/15 | $1,977.41 | $1,977.41 | $36.31 | $3,991.13 |
| Redinger, Ian | 8/14/13 | 9/24/14 | $1,235.91 | $1,235.91 | $22.70 | $2,494.52 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Sackett, Nichole | 6/17/15 | 7/1/15 | $124.89 | $124.89 | $2.29 | $252.07 |
| Stavros, Peter | 8/14/13 | 8/13/14 | $1,443.16 | $1,443.16 | $26.50 | $2,912.82 |
| **TOTAL** | | | $22,700.00 | $22,700.00 | $416.88 | $45,816.88 |

**EXHIBIT C**

| Payment No. | Due Date | Amount Due | | Interest Due | Total Payment Due |
|---|---|---|---|---|---|
| Down Payment | 10 days after Court's Approval of Consent Judgment | $ 22,700.00<br><br>$ 2,300.00 | Liquidated Damages<br><br>Back Wages | $ 0 | $ 25,000.00 |
| 1 | 6/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 2 | 7/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 3 | 8/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 4 | 9/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 5 | 10/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 6 | 11/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 7 | 12/1/2017 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 8 | 1/1/2018 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 9 | 2/1/2018 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 10 | 3/1/2018 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 11 | 4/1/2018 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 12 | 5/1/2018 | $ 850.00 | Back Wages | $ 23.15 | $ 873.15 |
| 13 | 6/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 14 | 7/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 15 | 8/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 16 | 9/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 17 | 10/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 18 | 11/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 19 | 12/1/2018 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 20 | 1/1/2019 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 21 | 2/1/2019 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 22 | 3/1/2019 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 23 | 4/1/2019 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| 24 | 5/1/2019 | $ 850.00 | Back Wages | $ 11.58 | $ 861.58 |
| **TOTAL** | | **$ 45,400.00** | | **$ 416.76** | **$ 45,816.76** |

CONSENT JUDGMENT